IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-0070-CJW-MAR |
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS |
| SHANE ROBERT McDOWELL, | |
| Defendant. | |

## TABLE OF CONTENTS

I.   FACTUAL BACKGROUND................................................1

II.  THE PORTION OF THE SEARCH WARRANT FOR ANY VEHICLE IN WHICH MR. McDOWELL MAY BE FOUND WAS ISSUED WITHOUT PROBABLE CAUSE..............4

III. THE SEARCH WARRANT WAS LIMITED TO ITEMS FOUND IN CEDAR COUNTY.  EXECUTION IN LINN COUNTY WAS OUTSIDE OF THE SCOPE  OF THE WARRANT...................................................................9

IV.  MR. McDOWELL'S STATEMENTS MUST ALSO BE SUPPRESSED................................................................11

### I.   FACTUAL BACKGROUND

On February 24, 2024, Deputy Matt Jackson of the Cedar County Sheriff's Department, applied for a state search warrant relating to Defendant Shane Robert McDowell.  (Ex. A – Warrant Application).

The Application was filed in Cedar County, Iowa. *Id.* The Application sought a warrant for: (1) a Red 2000 Chevrolet Tahoe belonging to Mr. McDowell; (2) a 2007 Saturn Outlook registered to Whitney McDowell; (3) "Any vehicle that SHANE MCDOWELL is found to currently or immediately before had been driving or riding in;" and (4) the person of Shane McDowell. *Id.* A state Search Warrant for those things was issued by a Magistrate in Cedar County, Iowa. (Ex. B – Search Warrant). Significantly, the Search Warrant, as the Application requested, provides: "<u>In Cedar County,</u> there is now certain property, namely:" followed by a description of the items sought. *Id.* (emphasis added).

On February 28, 2024, the Search Warrant was executed by Officers Austin Bailey and Skylar Mullins of the Cedar Rapids Police Department. (Ex. C – CRPD Report Traffic Stop). Officer Bailey's Report states that he and Officer Mullins were asked to perform a traffic stop on a vehicle in which Mr. McDowell was a passenger. *Id.* The vehicle was a black 2010 Mercedes Benz SUV. *Id.* The officers were provided a copy of the warrant. *Id.* The traffic stop occurred in Cedar Rapids, Linn County, Iowa. *Id.* The sole reason for the traffic

stop was the search warrant. There is no indication in the CRPD Report that the officers were provided with any other information about Mr. McDowell or that the officers observed any traffic violations or other violations that would justify the stop of the vehicle. *Id.*

After the officers confirmed Mr. McDowell's identity, he was removed from the vehicle and detained in handcuffs. (Ex. C). He was advised that the officers "had a search warrant for his person and any vehicle he would be located driving or riding in." *Id.* The Report then states that "Officer S. Mullins and I conducted a probable cause search based on the search warrant of both his person and the vehicle." *Id.* No reason for the search outside of the Warrant is given. Nothing of evidentiary value was located on Mr. McDowell's person. *Id.* In the spare trunk compartment of the vehicle, a large quantity of what the officers believed to be methamphetamine was located. *Id.*

Mr. McDowell was then transported to the Cedar Rapids Police Department and turned over to narcotics investigators. (Ex. C). Mr. McDowell was interviewed by Investigator Christopher Brand of the CRPD. (Ex. D – CRPD Report Interview). Mr. McDowell made

3

Case 1:24-cr-00070-CJW-MAR    Document 24-1    Filed 10/15/24    Page 3 of 13

incriminating statements regarding methamphetamine distribution. *Id.*

## II. THE PORTION OF THE SEARCH WARRANT FOR ANY VEHICLE IN WHICH MR. McDOWELL MAY BE FOUND WAS ISSUED WITHOUT PROBABLE CAUSE

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." "Generally, a warrant supported by a probable cause affidavit is required for a search. Without a valid warrant, or a recognized exception to the warrant requirement, a search violates the Fourth Amendment, *Missouri v. McNeely*, ––– U.S. –––, 133 S.Ct. 1552 1558, 185 L.Ed.2d 696 (2013), and the evidence seized pursuant to the search should be excluded from a trial, *United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974)." *United States v. Farlee*, 757 F.3d 810, 818-19 (8th Cir. 2014)

The portion of the Search Warrant that was executed that is at issue is the portion for "Any vehicle that SHANE McDOWELL is found to currently or immediately before had been driving or riding it." Ex.

B.[1]  A search warrant must be supported by probable cause.  Probable cause means "a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The Application for the Search Warrant begins by discussing several controlled buys of methamphetamine from Wylie Schuelka, involving a black 2006 Dodge Grand Caravan.  (Ex. A at pp. 4-5, ¶¶ 1-4).  Shane McDowell was observed driving that vehicle on October 30, 2023.  *Id.* at p. 5, ¶ 5.  There is a general statement that "MCDOWELL is a known methamphetamine user and and distributor," with the only supporting specific allegation being that Mr. McDowell pled guilty to possession of methamphetamine with intent to deliver in January of 2023.  *Id.* at p. 5, ¶ 6.  There is other information relating to Schuelka's black 2006 Dodge Grand Caravan and a red 2000 Chevy Tahoe driven by Mr. McDowell.  (Ex. A).  There is information about a tracker being installed on the red Chevy Tahoe pursuant to a prior search warrant

---

[1] No issue is raised with respect to any search of the 2000 Chevrolet Tahoe or the 2007 Saturn Outlook.  Further, although there are issues with the Warrant to the extent it authorized a search of the person of Shane McDowell, no contraband or other items of evidentiary value were found during the search of Mr. McDowell's person and therefore, there is nothing to suppress relating to that search.

and Mr. McDowell making trips to Cedar Rapids to allegedly purchase methamphetamine and to visit Rebecca Rose, who was incarcerated at the Linn County Correctional Center. *Id.*

The Application also vaguely notes a black GMC Sierra and a black Chevy Equinox in proximity to McDowell's location which, per the affiant, "leave open the possibility of MCDOWELL and SCHUELKA being in the process of possibly switching vehicles in the near future." Ex. A, at p. 7, ¶ 23. There is no specific allegation that either of those vehicles were involved in any illegal activity. Further, paragraph 27 at page 7 states:

> The red Tahoe appeared to be broke down on HWY 30 on 12/17/23, approximately a 1/4 mile east of Indian Avenue for approximately 2 hours. The red Tahoe previously appeared to break down on HWY 30 just into Linn County, where it was parked on the side of the road for over an hour on the evening of 12/4/23. Due to the reliability, or the lack thereof, of the red Tahoe, the Dodge van would likely be the next vehicle MCDOWELL would use to assist in his activities.

The Application also notes that on February 22, 2024, Mr. McDowell was observed driving the white Saturn Outlook registered to his wife, Whitney McDowell, however there is no allegation of any illegal activity at that time. Ex. A at p. 8, ¶ 37. The Search Warrant Application

6

Case 1:24-cr-00070-CJW-MAR    Document 24-1    Filed 10/15/24    Page 6 of 13

discusses additional evidence of Mr. McDowell being involved in the distribution of methamphetamine. Ex. A. Finally, the Application sets forth generalized information about the habits of drug traffickers, none of which relates to utilizing different vehicles. Ex. A at pp. 8-11.

There was no probable cause to believe that any contraband or other relevant evidence would be found in "Any vehicle that SHANE McDOWELL is found to currently or immediately before had been driving or riding it." That portion of the Warrant is not limited to any specific vehicles previously associated with Mr. McDowell. It is not limited to vehicles found in any particular place or at any particular time. It is not limited to vehicles owned or operated by any other specific person.

The Warrant authorizes law enforcement to stop any vehicle at any time that Mr. McDowell is driving or is a passenger within, with nothing further required. Mr. McDowell could be driving[2] or be a passenger in a myriad of vehicles for a myriad of reasons. Further, the black 2010 Mercedes Benz SUV that Mr. McDowell was a passenger in

---

[2] There is nothing in the Application suggesting that Mr. McDowell was a suspended or barred driver or is otherwise prohibited from operating a vehicle. In any event, at the time of the traffic stop at issue, Mr. McDowell was a passenger.

7

at the time of the traffic stop is not mentioned anywhere in the Application as a vehicle possibly associated with Mr. McDowell or with any drug or other illegal activity.

Additionally, the suspicion that Mr. McDowell might use another, unspecified, vehicle for drug activity in late February of 2024 is not supported by sufficient evidence. This suspicion appears based on evidence that Mr. McDowell had driven a black 2006 Dodge Grand Caravan associated with drug activity on October 30, 2023, had driven the 2007 Saturn Outlook (not associated with any drug activity), and that his red Chevy Tahoe (sometimes used for drug activity) had been observed disabled for two short periods of time in December of 2023. The Warrant was issued on February 28, 2024. There was no information in the Application that Mr. McDowell's Tahoe was still disabled or that the Tahoe was generally and frequently unreliable. There was absolutely no evidence that, in reasonable proximity to February 28, 2024, that Mr. McDowell was using any vehicle (except for perhaps the red Tahoe) for any illegal activity.

Of great concern, the broad language of the Warrant authorizes the stop of a vehicle owned and operated by a completely innocent

person merely because Mr. McDowell is a passenger. "The underlying measure of adequacy in the description is whether given the specificity in the warrant, a violation of personal rights is likely." *United States v. Caves*, 890 F.2d 87, 92 (8th Cir.1989) (citations omitted). The broad language of this portion of the Warrant makes it likely that the personal rights of an innocent person giving Mr. McDowell a ride would be violated.

The Application for the Search Warrant did not provide probable cause to allow law enforcement to stop <u>any</u> vehicle which Mr. McDowell was driving or riding as a passenger. The methamphetamine found during the search (and Mr. McDowell's later statements) must be suppressed.

### III. THE SEARCH WARRANT WAS LIMITED TO ITEMS FOUND IN CEDAR COUNTY. EXECUTION IN LINN COUNTY WAS OUTSIDE OF THE SCOPE OF THE WARRANT

As an independent issue, the Search Warrant Application, after identifying the vehicles to be searched, as well as the request for the search of the person of Shane McDowell, states "In Cedar County, there is now certain property, namely:." Ex. A at p. 1. The Application then

lists various things including "Methamphetamine, marijuana, or any controlled substances as listed in Chapter 124 of the State Code of Iowa." *Id.* at p. 2, ¶ 7. The Search Warrant, as issued by the Magistrate, contains the same language. Ex. B.

A magistrate is authorized under Iowa law to issue a warrant to search property located in a different county. *See State v. Groff*, 323 N.W.2d 204, 213 (Iowa 1982) (holding that language of Iowa Code § 808.3 that a magistrate may authorize a "search of the named person, place, or thing within the state for the property specified," in light of the change from prior law authorizing a warrant "directed to any peace officer in the county" authorized a Washington County magistrate to issue a warrant for the search of property partially located in Washington County and partially in Iowa County). *Groff* is distinguishable in that the warrant at issue identified the specific real property to be searched, the location of which is fixed. There was also sufficient evidence presented creating probable cause that relevant evidence would be found in the search with respect to both portions of the property.

Here, while the Search Warrant authorized the search of vehicles, two identified with specificity and also the problematic "any vehicle" that Mr. McDowell was driving or riding in, the Search Warrant was specifically limited to vehicles and property to be seized physically located in Cedar County. "The authority to search granted by any warrant is `limited to the specific places described in it and does not extend to additional or different places.'" *United States v. Pennington*, 287 F.3d 739, 744 (8th Cir.2002) (quoting *United States v. Alberts*, 721 F.2d 636, 639 (8th Cir.1983)). The issuing Magistrate would have understood and intended the Search Warrant to be limited to items found within Cedar County as requested in the Application and as set forth on the face of the Warrant. The Warrant was not broad enough to authorize the search of vehicles located outside of Cedar County, including the vehicle located in Linn County in which Mr. McDowell was a passenger.

### IV. MR. McDOWELL'S STATEMENTS MUST ALSO BE SUPPRESSED

Following the search of the vehicle, Mr. McDowell was transported to the Cedar Rapids Police Department where he made

incriminating statements. (Ex. D). Those statements must be suppressed as fruit of the poisonous tree. The phrase "fruit of the poisonous tree" refers to indirect or secondary evidence obtained as a result of a prior illegality. *See Nardone v. United States*, 308 U.S. 338, 341 (1939) (coining the phrase for the first time). Under the doctrine, the "fruits" of the prior illegality are excluded if they were an exploitation of that prior illegality. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963). Thus, the doctrine operates as an extension of the exclusionary rule. As the resultant finding of the methamphetamine from the illegal search of the vehicle must be suppressed, Mr. McDowell's subsequent statements must also be suppressed as they flowed from the illegal search.

The inclusion in the Search Warrant of authority to search Mr. McDowell's person does not change the analysis. No contraband or other evidence of illegal activity was found as a result of the search of Mr. McDowell's person. (Ex. C). Thus, there was nothing about the search of Mr. McDowell's person that justified Mr. McDowell's detention and subsequent interview.[3]

---

[3] Defendant also notes that the search of Mr. McDowell's person, which occurred in Linn County, was outside of the scope of the warrant limiting the searches to Cedar County.

Respectfully submitted,

__/s/ Webb L. Wassmer_____
Webb L. Wassmer  AT0008343
*Wassmer Law Office PLC*
5320 Winslow Road
Marion, IA 52302
Tele: (319) 210-4288
wassmerlaw@yahoo.com

Attorney for Defendant
Shane Robert McDowell

CERTIFICATE OF SERVICE

I certify that on October 15, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

    Jared Manternach, SAUSA

    **By: _____/s/ Webb Wassmer_____**
    **Webb Wassmer**