IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 24-CR-70-CJW-MAR |
| vs. | ) |
| SHANE ROBERT McDOWELL, | ) |
| Defendant. | ) |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF
ITS RESISTANCE TO DEFENDANT'S MOTION TO SUPPRESS**

The search warrant in this case authorizing the search of "any vehicle" that defendant was "found to currently or immediately before had been driving or riding in" is valid because it was supported by probable cause and particularly described, and defendant's statements during his post-*Miranda* interview should not be suppressed because there was not a Fourth Amendment violation. The Court should deny defendant's motion to suppress.

I. ANALYSIS

    A. The Search Warrant Complied with the Fourth Amendment

While the Eighth Circuit has not yet analyzed whether a search warrant authorizing the search of "any vehicle" that a defendant was "found to currently or immediately before had been driving or riding in" is valid, it has upheld a search warrant including the broader language "any vehicles."

In *United States v. Carrillo-Diaz*, 361 F. App'x 707 (8th Cir. 2010) (unpublished), law enforcement "obtained a search warrant for the property located at 21594 Gann Road in Gentry, Arkansas," and "[t]he scope of the warrant extended to any vehicles 'parked on the property.'" *Id.*, at 708. "The warrant was supported by a 36-page affidavit which outlined an extensive drug-trafficking enterprise allegedly operated by [the defendant's] parents, Juan and Lucia Carrillo-Diaz." The affidavit contained assertions that: (1) "Juan Carrillo-Diaz was known to receive shipments of drugs hidden in vehicles;" (2) "Juan Carrillo-Diaz would often switch cars with other drug traffickers, leaving money in his vehicle while accomplices left drugs in other vehicles;" and (3) "Law enforcement officials observed Juan Carrillo-Diaz driving several different cars, but none among them was registered in his name." *Id.* During the execution of the search warrant, officers searched the defendant's vehicle "and discovered what was ultimately determined to be a counterfeit social security card bearing [the defendant's] name." *Id.*

The defendant argued that "the warrant should have been limited to searches of vehicles owned by her parents." 361 F. App'x at 709. The Eighth Circuit, however, found that argument to be "without merit." *Id.* The Court explained that (1) "much—if not all—of the drug trafficking activity involving motor vehicles did not involve vehicles owned by Juan or Lucia Carrillo-Diaz;" and (2) "the warrant was limited in scope by limiting searches only to vehicles parked on the property."

*Id.* The Court affirmed the district court's denial of the defendant's motion to suppress. *Id.*, at 708-09.

Other federal courts have also upheld search warrants authorizing the search of "any vehicles." In *United States v. Miles*, 86 F.4th 734 (7th Cir. 2023), law enforcement obtained a search warrant for a residence located at 3243 Brouse Avenue "and any vehicles on its premises for evidence of drug trafficking." *Id.*, at 738. The search warrant affidavit described two controlled purchases of methamphetamine from Christopher Deeren. *Id.* During the controlled purchases, "the CS met Deeren at a gas station, got into a car with him, and headed to 3243 Brouse Avenue. The CS handed Deeren cash, and Deeren entered the house alone. A few minutes later, Deeren returned to the car and handed the CS meth." *Id.* "Deeren used a different car for each controlled buy." During the execution of the search warrant, officers searched vehicle of the defendant, who resided at 3243 Brouse Avenue and was Deeren's source of supply, and they seized methamphetamine from one of the vehicles. *Id.*

The defendant moved to suppress the evidence found in his vehicle, arguing, in part, "that the search warrant was overly broad because it extended to 'any vehicles on [the] premises.'" 86 F.4th at 742. The Seventh Circuit held that "the warrant did not violate the Fourth Amendment." *Id.* at 743. It concluded that the warrant was as specific as the officers' knowledge allowed under the circumstances, and it did not allow officers to search for items that were unlikely to yield evidence of the crime. *Id.* (omitting quotations and citations). It stated that "officers could

3
Case 1:24-cr-00070-CJW-MAR    Document 37    Filed 11/08/24    Page 3 of 8

not have described the vehicles with more particularity because they were unable to identify the residence's owner and observed Deeren using different vehicles to facilitate the two controlled buys. *Id.* The Seventh Circuit also concluded that "it is reasonable to infer that there was a fair probability that evidence of drug dealing would be found in any car on the Brouse Avenue residence" because "Deeren handed the CS meth immediately after exiting the house in both controlled buys." *Id.* (citing *United States v. Evans*, 92 F.3d 540, 543-44 (7th Cir. 1996) (permitting the police to search any car parked in a garage "unless it is apparent that the [car] does not belong to anyone connected with the illegal activity—a condition that will rarely be satisfied" even when the officers know the identity of home's owner)).

Several state courts have also upheld the validity of search warrants that contained almost identical language to the search warrant at issue here. In *People v. Williams*, 34 N.Y.S.3d 528 (N.Y. 3d Dep't 2016), law enforcement obtained "a search warrant authorizing the search—including a strip search—of defendant and any vehicle that he was in or operating." *Id.*, at 529. Upon the execution of the search warrant, "defendant was found in possession of heroin and crack cocaine." *Id.* The defendant moved to suppress evidence seized as a result of the warrant, arguing, in part, that the "search warrant application failed to establish probable cause for the search of defendant or a vehicle" or "describe with particularly the vehicle to be searched[.]" *Id.*, at 529-30. The Supreme Court, Appellate Division, Third Department of New York rejected the defendant's argument, finding that the warrant was supported by probable cause and sufficiently particular. *Id.*, at 530-31.

The *Williams* court found probable cause existed at the time the warrant was issued because that the search warrant application included (1) "an affidavit from a confidential informant who identified defendant and set forth detailed information about his recent purchases of narcotics from defendant, including one purchase that was a controlled buy;" (2) "the police investigator noted the informant's reliability demonstrated by his signed affidavit as well as his prior assistance in numerous other arrests and drug seizures;" and (3) a supporting affidavit by the police investigator "setting forth his knowledge and experience regarding narcotics trafficking and basis for the search warrant request." *Id.*, at 530. The *Williams* court also found "that the description of the vehicle was sufficiently particular and readily ascertainable, given that the only vehicle that could be searched was the one that defendant was in or operating, if any, at the time the search warrant was executed." *Id.* at 530-31.

In *State v. Iwatate*, 120 P.3d 260 (Haw. Ct. App. 2005), law enforcement obtained a search warrant that authorized them to search "'[t]he person of Richard Iwatate . . . and any personal belongings such as fannypacks or any type of bags. Any personal, rental, or borrowed vehicle that Richard Iwatate is operating or occupying, including any compartments of that vehicle.'" *Id.* at 262. Officers executed the search warrant as the defendant was driving his father's pickup truck. *Id.* The defendant moved to suppress the evidence arguing, in part, that "[t]he law does not give the issuing magistrate the power to search any vehicle that the target of the search warrant is in at any time, at any place with whoever he might be with,

as the search warrant does in this case." *Id.*, at 267. The Intermediate Court of Appeals of Hawai'i rejected the defendant's argument. *Id.*, at 267-68. The *Iwatate* court relied upon a California Court of Appeals case:

> In *People v. Sanchez*, 116 Cal.App.3d 720, 172 Cal.Rptr.290 (1981), the California Court of Appeals affirmed the trial court's denial of defendant's motion to quash a search warrant that in part authorized a search of "any vehicle under [a heroin dealer's] control or occupied by him at the time the warrant" was served. *Id.* at 725, 172 Cal.Rptr. 290 (brackets in original omitted). The Court of Appeals concluded there was "nothing improper about the authorization to search any vehicle under [the dealer's] control or occupied by him at the time the warrant was served." *Id.* at 728, 172 Cal.Rptr. 290. This conclusion was based on the affidavit submitted by a law enforcement officer that "clearly provided probable cause for the issuing magistrate to believe that [the dealer] would be supplying [the intermediary] with heroin later that evening and that he would be transporting the contraband either in one of his own vehicles, or in one he had borrowed." *Id.* at 727–28, 172 Cal.Rptr. 290.

*Id.*, at 262-63. The *Iwatate* court found that the search warrant at issue was not overbroad and was sufficiently particularized because the warrant was "based on probable cause that 'Iwatate would be in possession of ice, and would be transporting it in any number of different vehicles in which he was either the operator or an occupant.'" *Id.*, at 268. The *Iwatate* court held that, "[g]iven the surrounding facts and circumstances, a more particularized description of the vehicle Iwatate would be using to transport ice would have been difficult." *Id.*

In this case, as argued in the government's original brief, the search warrant established probable cause to search "any vehicle" that defendant was "found to currently or immediately before had been driving or riding in." The affidavit established that defendant was a long-time user and trafficker of methamphetamine,

that he utilized multiple vehicles in conducting drug-related activities, that CS1 had previously driven defendant to Cedar Rapids to obtain methamphetamine, and that drug traffickers keep controlled substances they intend to sell and proceeds of their sales on their persons or in their vehicles. The search warrant was also sufficiently particular because, like *Williams*, the only vehicle that could be searched was the one that defendant was in, or had just been in, at the time the search warrant was executed.

Given the totality of the circumstances, the search warrant obtained and executed in this case satisfied the requirements of the Fourth Amendment as it particularly described the places to be searched and the things to be seized, and it was supported by probable cause. Defendant's motion to suppress should be denied.

### B. Since There Was No Fourth Amendment Violation, There Is No "Poisonous Tree"

Defendant moves to suppress his post-*Miranda* statements because they are "fruit of the poisonous tree." (Doc. 24-1, at 11-12.) However, because there is no Fourth Amendment violation, as argued in the government's original brief and the instant brief, "[t]here is no poisonous tree" and the Court should not suppress his statements. *United States v. Rutledge*, 61 F.4th 597, 603 (8th Cir. 2023).

## II. CONCLUSION

For the reasons set forth above and in the government's original brief, the Court should deny defendant's motion to suppress.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Jared Manternach*

JARED MANTERNACH
Special Assistant United States Attorney

By: */s/ Dillan Edwards*

DILLAN EDWARDS
Assistant United States Attorney
111 7th Street SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333, (319) 363-1990 - Fax
Jared.Manternach@usdoj.gov
Dillan.Edwards@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ RAL*