IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-CR-0070-CJW-MAR |
| Plaintiff, | |
| vs. | **POST-HEARING BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS** |
| SHANE ROBERT McDOWELL, | |
| Defendant. | |

Defendant Shane Robert McDowell files this Post-Hearing Brief in support of Defendant's Motion to Suppress (Dkt. 24). This Post-Hearing Brief supplements Defendant''s prior Brief (Dkt. 24-1), and is intended to respond to the issues raised in the Government's Brief in Support of Its Resistance to Defendant's Motion to Suppress (Dkt. 32-1) as well as discuss evidence introduced at hearing. Mr. McDowell notes that the Government makes little response to Mr. McDowell's argument that the warrant lacks probable cause for "Any vehicle that SHANE MCDOWELL is found to currently or immediately before had been driving or riding in."

TABLE OF CONTENTS

I. MR. McDOWELL HAS STANDING BECAUSE THE SEARCH WAS BASED ON THE WARRANT, NOT ON ANY TRAFFIC VIOLATION COMMITTED BY THE DRIVER OF THE VEHICLE..............................................................................2

II. THERE IS NO EVIDENCE THAT THE CI, THE DRIVER OF THE VEHICLE, CONSENTED TO THE SEARCH…5

III. THE STOP OF THE VEHICLE AND RESULTING SEARCH WERE BECAUSE OF THE WARRANT, NOT BECAUSE OF ANY CLAIM OF PROBABLE CAUSE BASED ON THE SUSPECTED CONTROLLED BUY.....7

IV. EXECUTION OF THE SEARCH WARRANT IN LINN COUNTY WAS NOT A "TECHNICAL VIOLATION"……8

V. THE *LEON* GOOD FAITH EXCEPTION DOES NOT APPLY..............................................................................10

VI. THE INEVITABLE DISCOVERY EXCEPTION DOES NOT APPLY..............................................................................12

I. MR. McDOWELL HAS STANDING BECAUSE THE SEARCH WAS BASED ON THE WARRANT, NOT ON ANY TRAFFIC VIOLATION COMMITTED BY THE DRIVER OF THE VEHICLE

The Government argues that Mr. McDowell, as a passenger in the vehicle, lacks standing to contest the search of the vehicle. The Government is incorrect, largely because the Government does not appreciate the reason for the search..

It is undisputed in the evidence that the stop of the vehicle in which Mr. McDowell was a passenger and resulting search was because of the search warrant, particularly the portion of the warrant that authorized the search of any vehicle that Mr. McDowell was driving or was a passenger in and the search of Mr. McDowell's person. Officer Austin Bailey testified that he and his partner stopped the vehicle because of the warrant. *See also* Defendant's Exhibit C (Dkt. 25-3). They did not observe any traffic violation that would have justified a traffic stop. Accordingly, without Mr. McDowell's presence in the vehicle to trigger that portion of the warrant, the vehicle would not have been stopped and searched. The warrant was aimed at Mr. McDowell, it was not aimed at the driver of the vehicle.

The Government cites to *United States v. Lindsey*, 43 F.4th 843 (8th Cir. 2022), for the proposition that "[a]s a general matter, mere passengers . . . who have no ownership rights in a vehicle lack standing to challenge a search of the vehicle." *Id.* at 847 (citation omitted). The Government also cites to *United States v. Davis*, 943 F.3d 1129 (8th Cir. 2019), *United States v. Anguiano*, 795 F.3d 873 (8th Cir. 2015), and *United States v. Barragan*, 379 F.3d 524 (8th Cir. 2004). However, all

of those cases involved traffic stops based on the driver violating traffic laws. *See Lindsey*, 43 F.4th at 846-847 (officers looking for driver of vehicle suspected of having handgun, with knowledge that driver did not have a valid license, and also observed that vehicle was not displaying any license plate; rejecting Lindsay's argument because "Officer Woodward had probable cause to detain the vehicle and Lindsay, a passenger, based upon traffic violations alone");[1] *Davis*, 943 F.3d at 1130 (stop of vehicle in which Davis was a passenger for speeding); *Anguiano*, 795 F.3d at 874 (traffic stop for speeding and tinted windows); *Barragan*, 379 F.3d at 526 (traffic stop for no front license plate, following too closely, obstructed temporary tag, speeding, and a vision obstruction hanging from rear view mirror). In other words, the traffic stops and subsequent searches at issue in those cases were aimed at the driver of the vehicle and the defendant was an incidental passenger.

Counsel has been unable to locate any cases which discuss traffic stops based on a warrant similar to the warrant at issue in this case. However, as the warrant pertained to Mr. McDowell and any vehicle in

---

[1] In *Lindsey*, the Eighth Circuit did not specifically rule on the standing issue, but rather decided that the search was based on probable cause.

which he was driving or riding in, it is logical to conclude that Mr. McDowell has standing to challenge the search based on the warrant. The search was not based on a traffic violation committed by the driver of the vehicle and, thus, the cases relied upon by the Government are distinguishable.

## II. THERE IS NO EVIDENCE THAT THE CI, THE DRIVER OF THE VEHICLE, CONSENTED TO THE SEARCH

The Government argues that the CI, who was the driver of the vehicle, consented to the search. The Government's argument is based on evidence that the CI consented to post-controlled buy searches of her person and vehicle and would have known that she and her vehicle would be searched after the February 28, 2024, controlled buy.

The evidence, however, was clear that the CI had no knowledge that the vehicle would be stopped by Cedar Rapids Police Officers and the vehicle searched at that time in the presence of Mr. McDowell.[2] There was also no evidence that the CI expressly consented to a search

---

[2] The Government argues in its Brief (Dkt. 32-1), at 18, that "officers had CS1's consent to initiate a traffic stop on his/her vehicle and to conduct a search of it." However, the evidence from Tanner Boling was undisputed that the CI had no advance knowledge that a traffic stop would be conducted. Thus, the CI could not have consented to the traffic stop.

of her vehicle at the scene prior to the search. In the prior controlled buys, the searches occurred after the CI and her vehicle were away from the controlled buy and away from any sources or other suspects relating to the transaction. To the extent that there is an argument that the CI impliedly consented to a search of her vehicle at the conclusion of the controlled buy, there was no evidence that her consent extended to a search as part of an unannounced traffic stop *and in the presence of one of the targets of the controlled buy.* "To show that a person consented to a search, the Government must demonstrate by a preponderance of the evidence that consent was 'the product of an essentially free and unconstrained choice.'" *United States v. Garcia-Garcia*, 957 F.3d 887, 895 (8th Cir. 2020) (citation omitted). The CI could reasonably have expected and believed that her consent to search was limited to searches after the transaction was fully completed and outside the presence and without the knowledge of any potential suspects. The CI's reasonable expectation would be that the officers would take care to minimize the risk of others learning of her cooperation in the controlled buys. In other words, the CI did not impliedly consent to a search of her vehicle at the time and place it was searched and, most importantly, in

the presence of Mr. McDowell. It was not the CI's "free and unconstrained choice" for the search to be conducted at the time and place, and under the circumstances in which the search was conducted.

### III. THE STOP OF THE VEHICLE AND RESULTING SEARCH WERE BECAUSE OF THE WARRANT, NOT BECAUSE OF ANY CLAIM OF PROBABLE CAUSE BASED ON THE SUSPECTED CONTROLLED BUY

The Government argues that there was probable cause for the search based on the suspected controlled buy that Mr. McDowell and the CI had just engaged in with Mr. McNairy.

However, the report of Austin Bailey, the officer stopping the vehicle, states that the stop and the search were because of the warrant. *See* Defendant's Exhibit C (Dkt. 25-4). There is absolutely no mention of the suspected controlled buy or any assertion that the stop and search were based, in whole or in part, upon any suspected controlled buy.

## IV. EXECUTION OF THE SEARCH WARRANT IN LINN COUNTY WAS NOT A "TECHNICAL VIOLATION"

The Government appears to concede, as argued in Mr. McDowell's prior Brief, that the warrant was limited to searching vehicles (and the person of Mr. McDowell) found in Cedar County. It is undisputed that the search occurred in Linn County, which was outside of the plain scope of the warrant. The Government, instead, argues that execution in Linn County was merely a "technical violation" of the warrant.

The Government relies on *United States v. Faulkner*, 826 F.3d 1139 (8th Cir. 2016). *Faulkner* is distinguishable. In that case, the warrant authorized placement of a GPS tracking device on a specific vehicle and stated that the vehicle was located in Hennepin County. The GPS device was installed on the vehicle while it was in Ramsey county. A major feature of the Eighth Circuit's analysis was that the warrant described a specific vehicle upon which the GPS device was to be placed. *See Faulkner*, 826 F.3d. at 1145-46.

In contrast, the warrant here did not describe a specific vehicle to be searched with respect to the portion of the warrant for any vehicle in which Mr. McDowell may be driving or riding in. The warrant specifically stated that it was for "certain property" "In Cedar County."

The plain language of the warrant did not encompass property, including contraband, outside of Cedar County.

*Faulkner* notes that there was no Fourth Amendment violation under the circumstances of that case. *See Faulkner*, 826 F.3d at 1146. *Faulker* cites *United States v. Freeman*, 897 F.2d 346, 350 (8th Cir. 1990), as "holding no Fourth Amendment violation for technical violation in execution of the warrant because it did not implicate probable cause or the description with particularity of the place to be searched, and, the violation was not deliberate." *Freeman* involved a question of the authority of the requesting officer to obtain the search warrant.

In Mr. McDowell's case, all three of those concerns are implicated. First, it implicates probable cause because the warrant application and warrant are limited to setting forth probable cause that contraband and other items of evidentiary value will be found in Cedar County.[3] While there is mention of Linn County in the warrant application, there is no specific allegation that items subject to the warrant will be found in Linn County. Second, as discussed above, the warrant is expressly

---

[3] As discussed in Mr. McDowell's prior Brief, there is no probable cause for the "any vehicle" portion of the warrant.

9

Case 1:24-cr-00070-CJW-MAR    Document 38    Filed 11/08/24    Page 9 of 13

limited to the search of items found in Cedar County. Further, the "any vehicle" language at issue does not rise to the level of specificity of description as the vehicle at issue in *Faulkner*. Third, the evidence at hearing demonstrated that the violation was deliberate. The task force officers involved in directing Officer Austin to make the traffic stop in Linn County were certainly aware of the language of the warrant limiting the searches to Cedar County. They made a deliberate choice to execute the search warrant in Linn County instead of waiting until the vehicle had entered Cedar County. As Investigator Tanner Boling explained, the decision was made for simultaneous stops on the CI's vehicle and the vehicle driven by the source of the methamphetamine.

## V. THE *LEON* GOOD FAITH EXCEPTION DOES NOT APPLY

The Government argues that the good-faith exception pursuant to *United States v. Leon*, 468 U.S. 897 (1984), applies. That exception applies "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope, even if the warrant is subsequently invalidated." *Id.* at 920-21. The exception does not apply in four circumstances, including when the

affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and when "a warrant [is] so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." *Id.* at 923.

First, as previously discussed, the warrant was not executed "within its scope" as it was executed in Linn County when the warrant was limited to execution in Cedar County.

Second, as previously discussed, the warrant application was so lacking as to probable cause with respect to "any vehicle" in which Mr. McDowell was driving or a passenger in, that it would be entirely unreasonable for an officer to believe that probable cause existed. No reasonable officer could conclude that "any vehicle" which Mr. McDowell is driving or is a passenger in sufficiently describes a place where there is probable cause to believe that contraband would be found.

Third, as previously discussed, the "any vehicle" portion of the warrant so fails to particularize the place to be searched such that an executing officer cannot reasonably presume it to be valid." "Any

vehicle" does not describe any particular vehicle with sufficient specificity.

## VI. THE INEVITABLE DISCOVERY EXCEPTION DOES NOT APPLY

The Government argues that the exception for inevitable discovery applies because, if the traffic stop and search had not occurred, the vehicle would have been searched and the methamphetamine discovered when the vehicle returned to Cedar County.

For inevitable discovery to apply, "the government must prove by a preponderance of the evidence: (1) that there was a reasonable probability that the evidence would have been discovered by lawful means in the absence of police misconduct; and (2) that the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation." *United States v. Conner*, 127 F.3d 663, 667 (8th Cir. 1997). The Government's argument fails on the second prong of this test.

The Government merely argues that "The government was also actively pursuing a substantial, alternative line of investigation at the

time of the constitutional violation as they were in the middle of conducting a controlled purchase using CS1." Dkt. 32-1 at 27-28. That argument is specious. There was only one investigation. The traffic stop using the warrant was triggered by the controlled buy and a desire to recover the methamphetamine believed to be in the vehicle as a result of the controlled buy. It is one line of investigation, not an alternative line of investigation. The only difference is the timing of the search.

Respectfully submitted,

__/s/ Webb L. Wassmer_____
Webb L. Wassmer  AT0008343
*Wassmer Law Office PLC*
5320 Winslow Road
Marion, IA 52302
Tele: (319) 210-4288
wassmerlaw@yahoo.com

Attorney for Defendant
Shane Robert McDowell

CERTIFICATE OF SERVICE

I certify that on November 8, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

    Jared Manternach, SAUSA
    Dillan Edwards, AUSA

    By: _____/s/ Webb Wassmer_____
    Webb Wassmer