# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | No. 24-CR-70-CJW-MAR |
| Plaintiff, | | |
| vs. | | **ORDER** |
| SHANE ROBERT MCDOWELL, | | |
| Defendant. | | |

_____

## I.    INTRODUCTION

This matter is before the Court on a Report and Recommendation (R&R) (Doc. 39) by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court deny defendant's Motion to Suppress (Doc. 24).

Judge Roberts issued his R&R on December 17, 2024.  On January 2, 2025, defendant filed his objections to the R&R.  (Doc. 42).  The government did not file any objections.

For the following reasons, the Court overrules defendant's objections and adopts Judge Roberts' R&R.

## II.    STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion, giving "fresh consideration to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 675 (1980); *see also Salve Regina College v. Russell*, 499 U.S. 225, 228 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable.").

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. DISCUSSION

Judge Roberts began his analysis in the R&R as follows:

> While this case presents interesting but possibly academic questions, I recommend the Court first focus on the obvious conclusion that may resolve

Case 1:24-cr-00070-CJW-MAR    Document 46    Filed 01/14/25    Page 2 of 5

the matter. While I will address the alternative bases for my recommendation (e.g., Defendant's standing (or lack of it), the [confidential source]'s consent, the viability of the warrant, etc.), the one inescapable conclusion is that the law enforcement officers who planned and monitored a controlled purchase of methamphetamine had probable cause to stop and search the vehicle which they had every reason to believe contained that methamphetamine.

(Doc. 39, at 11–12). The Court could not have put it better itself.

Defendant makes the following objections to the R&R: defendant has standing to challenge the search because the search was based on the warrant; a portion of the warrant was issued without probable cause; the officers' stop of the vehicle and resulting search were because of the warrant and not based on any independent probable cause; the CS did not consent to the search of the vehicle; the warrant was limited to items found in Cedar county, and the search took place in Linn county, which means the search was outside the scope of the warrant; the good faith exception does not apply; the inevitable discovery exception does not apply; and defendant's statements must also be suppressed. (*See* Doc. 42).

Defendant's only objection to Judge Roberts' main conclusion, then, is that the officers did not perform the search based on probable cause. Instead, defendant argues, the only basis for the stop was the search warrant. Defendant grounds this argument on the fact that Officer Bailey, who stopped the vehicle in which defendant was riding, stated in his report that the stop and search were because of the warrant. Officer Bailey's report does not mention the controlled buy that officers monitored right before they stopped and searched the vehicle defendant was riding in. This, defendant argues (without citing any legal authority), means the only basis for the stop and search was the warrant, and independent probable cause cannot justify the search. (Doc. 42, at 8–9).

But the report is not the only piece of evidence in front of the Court. As Judge Roberts noted, Officer Bailey testified that he and his partner were briefed prior to the

3

controlled buy. The briefing included the information that defendant would be in the CS's vehicle, and officers were given a description of the vehicle. Further, Officer Bailey was in communication with investigators who were surveilling the controlled buy, and Officer Bailey heard the investigators' discussion about the controlled buy, including information regarding where specifically the drugs were in the vehicle. Thus, Officer Bailey and his partner had good information that a drug deal had occurred, and specifically where the drugs were located.

Defendant did not specifically object to Judge Roberts' finding that the officers had probable cause to search the vehicle. Even if defendant had objected to the probable cause determination, the Court would have overruled it. The officers had probable cause to search the vehicle here, based both on their own knowledge as well as the collective knowledge of the law enforcement officers conducting the investigation. *See United States v. Rederick*, 65 F.4th 961, 966 (8th Cir. 2023) ("The collective knowledge of law enforcement officers conducting an investigation is sufficient to provide reasonable suspicion, and the collective knowledge can be imputed to the individual officer who initiated the traffic stop when there is some communication between the officers.") (quoting *United States v. Thompson*, 533 F.3d 964, 969 (8th Cir. 2008)).

Defendant objects, however, to the conclusion that the stop and search were based on probable cause, and not based on the warrant. (Doc. 42, at 8–9). Defendant does not cite any authority for this argument. But, as the Eighth Circuit Court of Appeals has noted, "any infirmities in the search warrant application are irrelevant so long as the search of the vehicle fell within the automobile exception to the search warrant requirement." *United States v. Holleman*, 743 F.3d 1152, 1158 (8th Cir. 2014). *See also United States v. Maccani*, 526 F. Supp. 3d 420, 453 (N.D. Iowa 2021) ("The Eighth Circuit Court of Appeals has plainly held that the automobile exception may be applied to justify a search when the warrant for that search is later found to be deficient."). Thus,

4

even assuming, for the sake of argument, that there was some issue with the warrant, the stop and search here were constitutional. Any potential issues with the warrant are irrelevant so long as the officers otherwise had probable cause to stop and search the vehicle. And the officers here had probable cause, as the Court explained above. Defendant's objection is without merit.

All of defendant's other objections and arguments relate to alternative bases for Judge Roberts' recommendation. The Court need not discuss these issues. At this point, they are, as Judge Roberts aptly described them, "academic questions." (*See* Doc. 39, at 11). The officers had probable cause to stop and search the vehicle, meaning the stop and search was constitutional, and therefore the evidence will not be suppressed.

Thus, defendant's objections are overruled, and the Court adopts Judge Roberts' R&R.

## IV. CONCLUSION

Upon conducting a de novo review of the portions of Judge Roberts' R&R to which defendant objected, and a review of the remainder of the R&R for clear error, the Court **overrules** defendant's objections and **adopts** the R&R. Defendant's Motion to Suppress (Doc. 24) is **denied**.

**IT IS SO ORDERED** this 14th day of January, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa